**INFORMATION RESOURCES,
INC., Plaintiff,**

v.

**THE DUN & BRADSTREET CORP.,
A.C. Nielsen Co., and IMS International, Inc., Defendants.**

**No. 96 CIV. 5716(LLS).**

United States District Court,
S.D. New York.

Dec. 3, 2004.

Hagens Berman LLP, Seattle, WA (Steve W. Berman, Anthony D. Shapiro, George W. Sampson, of counsel), Freeborn & Peters, Chicago, IL (Brian P. Norton, Michael J. Kelly, Jennifer L. Fitzgerald, Michael P. Kornak, David S. Becker, of counsel), Fried Frank Harris Shriver & Jacobson, New York City (Victor S. Friedman, of counsel), for Plaintiff.

Paul, Weiss, Rifkind, Wharton & Garrison LLP, New York City, (Sidney S. Rosdeitcher, Leslie Gordon Fagen, Aidan Synnott, Allon Lifshitz, of Counsel), (Daniel A. Crane, of counsel), for Defendants.

### *IN LIMINE ORDER NUMBER 1*

STANTON, District Judge.

To provide a pragmatic rule which fosters price competition, the law in this circuit bars claims of predatory or anti-competitive pricing unless the price charged was below short-run average variable cost. *Northeastern Telephone Co. v. American Telephone and Telegraph Co.,* 651 F.2d 76, 86–89 (2d Cir.1981), *cert. denied,* 455 U.S. 943, 102 S.Ct. 1438, 71 L.Ed.2d 654 (1982); *Ortho Diagnostic Systems v. Abbott Laboratories,* 920 F.Supp. 455, 465–70 (S.D.N.Y.1996). When price discounts in one market are bundled with the price charged in a second market, the discounts must be applied to the price in the second market in determining whether that price is below that product's average variable cost. *Virgin Atlantic Airways, Ltd. v. British Airways PLC,* 69 F.Supp.2d 571, 580 fn. 8 (S.D.N.Y.1999), *aff'd,* 257 F.3d 256 (2d Cir.2001). The question

whether Nielsen's "Fixed Operations" costs are includable in this case in computing its short-run variable costs is a question of law, *Ortho,* 926 F.Supp. 371, 375 fn. 5 (S.D.N.Y.1996), and as a matter of law they are not. In the short run those costs are "independent of output and hence fixed" see *Northeastern Telephone, supra,* at 86, fn. 12; Phillip Areeda and Donald F. Turner, *Predatory Pricing and Related Practices Under Section 2 of the Sherman Act,* 88 Harv. L.Rev. 697, 701 (1975).

The above principles apply to the trial of this case, and to the extent plaintiff's offers of proof or of expert opinion deviate from the above principles they must be rejected. On the showing made in the submissions on this topic, this will bar plaintiff from arguing that Nielsen's pricing practices or discounts were illegal or anti-competitive unless it can prove they involved prices below short-run average variable cost, calculated without the inclusion of Nielsen's "Fixed Operations" costs.